### GIDEON L. JOHNSTON v. LUCY A. NEVILLE.

The Court below has the power to amend the pleadings, by adding the name of any party, who may be necessary to a full determination of the cause.

MOTION to make one Peebles a party defendant, heard by *Cloud, J.,* at the Special (January) Term, of HALIFAX Superior Court.

On the trial below, his Honor allowed the motion, and the plaintiff appealed.

The facts are stated in the opinion of the Court.

*Conigland* and *Moore & Gatling,* for appellant.
*Clark & Mullen* and *Batchelor, Edwards & Batchelor* contra.

SETTLE, J. The plaintiff seeks to recover the purchase money for certain lands which he contracted to convey in fee simple to the defendant.

The defendant resists the payment, alleging a defect in the plaintiff's title, and in support of her allegation avers, that soon after the said contract was made, the said real estate was sold under an execution duly issued from the Circuit Court of the United States at Raleigh, against one Daniel, the grantor of the plaintiff, and was purchased by one Peebles, a citizen of Virginia, who now holds the same.

On motion of defendant's counsel, his Honor declared that the said Peebles was a necessary party in order to determine the rights of all the parties interested, and ordered a summons to issue and service to be made by publication to bring him before the Court. From this order the plaintiff appealed.

His Honor clearly had the power to amend the pleadings by adding the name of the party who might be necessary to a full determination of the cause. It would certainly be a hard measure for a Court which adjusts equities while enforcing laws, to compel the payment of the purchase money to-day, and turn the defendant out of possession to-morrow.

However, we express no opinion on the merits of the cause; it is sufficient for us to say that his Honor did not exceed the limits of his authority.

Although under the C. C. P., sec. 299, the right of appeal is very broad, the Court is inclined to think that much inconvenience and delay is occasioned by the practice of appealing from orders, at every stage of the case, on objections which the party aggrieved could avail himself of after a final issue, as well as at the first steps in the proceedings.

There is no error.

PER CURIAM.                    Judgment affirmed.